IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC MURRAY,        )
   Petitioner       )
               )  C.A. No. 09-286 Erie
   vs.           )
               )  Magistrate Judge Baxter
GAGNON, et al.,       )
   Respondents.     )

## OPINION AND ORDER[1]

Magistrate Judge Susan Paradise Baxter.

### I. INTRODUCTION

   Petitioner Eric Murray, a federal prisoner incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean") in Bradford, Pennsylvania, brings this petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the Bureau of Prisons' (the "BOP's") determination that he is not eligible for a reduction in sentence under 18 U.S.C. § 3621(e)(2)(B). He claims that the BOP improperly excluded him from early release eligibility based upon the fact that he had previously received that statute's early release benefit during a prior federal incarceration. Plaintiff contends that the rule applied to him to automatically deny him early release – Paragraph 5(c), <u>Prior Early Release Granted</u>, of Program Statement 533.01 – was invalidated by this Court's prior decision in <u>Burkey v. Lappin</u>, 2007 WL 4480188 (W.D.Pa. Dec. 14, 2007), as a violation of the Administrative Procedures Act, 5 U.S.C. § 553 ("APA"). Petitioner has also filed a motion for temporary and permanent injunction asserting the same argument. [ECF No. 1]. As relief, Petitioner seeks an order directing the BOP to invalidate its policy limiting inmates to one sentence reduction, as well as reconsideration for early release.

---

[1] All parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 2, 13].

1

### A. Statutory and Regulatory Background

In 1990, Congress amended 18 U.S.C. § 3621 by directing the BOP to provide residential substance abuse treatment programs for prisoners determined to have a treatable condition of substance addiction or abuse. See Crime Control Act of 1990, Pub.L.No. 101-647, § 2903, 104 Stat. 4789, 4913 (codified at 18 U.S.C. § 3621(b)). On September 13, 1994, Congress enacted the Violent Crime Control and Law Enforcement Act ("VCCLEA") (Pub.L. 103-322), which added a new provision to 18 U.S.C. § 3621 that provides an incentive for inmates to participate in substance abuse treatment programs. This incentive allows an inmate to receive a reduction in his or her sentence of up to one year for completing a BOP treatment program. The statute provides:

> **Period of Custody** . . . The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

Congress did not define the eligibility criteria for early release consideration upon completing a residential drug abuse program ("RDAP"). Thus, on May 25, 1995, the BOP published an interim rule, effective June 26, 1995, which was designed to implement the sentence reduction provisions of the VCCLEA. See 60 Fed.Reg. 27692-01. The interim rule defined the categories of inmates that would be precluded from early release under 18 U.S.C. § 2621(e):

> **CONSIDERATION FOR EARLY RELEASE**. An inmate who completes a RDAP during his or her current commitment may be eligible for early release by a period not to exceed 12 months, in accordance with paragraph (a) of this section, unless the inmate is an INS detainee, a pretrial inmate, a contractal boarder (for example, a D.C., State, or military inmate), or eligible for parole, or unless the inmate's current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3), or unless the inmate has a prior federal and/or state conviction for homicide, forcible rape, robbery, or aggravated assault.

60 Fed.Reg. 27695 (May 25, 1995).

In response to both public comment and a division among the courts of appeals over the BOP's interpretation of Section § 3621(e)(2)(B)'s term "nonviolent offense," the BOP issued a

2

revised interim rule on May 17, 1996 (61 Fed.Reg. 25121) and, again, on October 15, 1997 (62 Fed.Reg. 53690).  See Lopez, 531 U.S. at 233-36.

On December 22, 2000, after notice and comment, the 1997 version of the interim rule was made final, see 65 Fed.Reg. 80749, and that rule is set forth at 28 C.F.R. § 550.58.  In relevant part, the regulation provides: "[a]n inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a non-violent offense, and who is determined to have a substance abuse problem, and who successfully completes a residential drug abuse treatment program during his or her current commitment" may be eligible for early release by a period not to exceed 12 months.  28 C.F.R. § 550.58.  The regulation also provides that: "[a]n inmate who has successfully completed a Bureau of Prisons residential drug abuse treatment program on or after October 1, 1989 is otherwise eligible if: (i) the inmate completes all applicable transitional services programs in a community-based program (i.e., in a Community Corrections Center or on home confinement); and (ii) since completion of the program, the inmate has not been found to have committed a 100 level prohibited act and has not been found to have committed a prohibited act involving alcohol or drugs."  Id. § 550.58(a)(3)(i) & (ii).

28 C.F.R. § 550.58 also categorically denies Section 3621(e)(2)(B)'s early release to the following groups of inmates, even if an inmate otherwise meets eligibility criteria:  (i) INS detainees; (ii) pretrial inmates; (iii) contractual boarders (for example, D.C., State, or military inmates); (iv) inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses; (v) inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion; and (vi) inmates whose current offense is a certain type of felony.  Id. § 550.58(a)(1)(i)-(vi)(A-D)).

Almost three years later, on September 29, 2003, the BOP issued Program Statement 5331.01, *Early Release Procedures Under 18 U.S.C. § 3621(e)* – the program statement challenged by Petitioner in this proceeding.  The purpose of the program statement "was to establish criteria and procedures when considering an inmate for early release." P.S. 5331.01, p.

3

1. At Paragraph 5(c) of the program statement, the BOP set forth the categories of inmates that are not eligible for early release. Id., p. 2. It repeated the categories of inmates that are denied Section 3621(e)(2)(B)'s early release as set forth in 28 C.F.R. § 550.58(a)(1)(i)-(vi)(A-D).[2] It also denied early release to one additional group of inmates:

> **Prior Early Release Granted**. Inmates may earn an early release for successful RDAP completion only once. *Inmates returning on supervised release violations and/or inmates who are sentenced for new offenses are not eligible for early release if they received it previously*.

Id., p. 3 (emphasis added).

Subsequently, on July 1, 2004, the BOP published a proposed rule seeking to amend its regulations on the drug abuse program. The proposed rule clarified that inmates would not be permitted to earn an early release twice. 69 Fed. Reg. 39887-02 (July 1, 2004).[3] The 2004 Proposed Rule was finalized on January 14, 2009. 74 Fed. Reg. 1892-01. The finalized rule is codified at 28 C.F.R. § 550.55(b)(7) (2009).

### B.      Relevant Factual History

On June 16, 1992, Petitioner was sentenced in the United States District Court for the District of Columbia to a 60 month term of imprisonment, followed by a two year term of supervised release, for Simple Possession Lesser Included Offense of Unlawful Possession With Intent to Distribute 5 Grams or More of Cocaine, in violation of 21 U.S.C. § 844. See Declaration of Vanessa Herbin-Smith attached as Document 1 to Respondent's Response, ECF

---

[2] The program statement expressly states that parole eligible inmates may not receive early release. 28 C.F.R. § 550.58 provides that such inmates are not eligible for early release by limiting early release to inmates sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D. See 97 Fed.Reg. 25121-22 ("Inmates sentenced under 'old law' provisions are not eligible, regardless of their eligibility for parole.")

[3] The 2004 Proposed Rule explained that "Congress created the early release incentive to motivate drug addicted inmates to enter residential drug abuse treatment who would not do so without this incentive. However, in our discretion, it is not appropriate to provide this incentive for inmates who completed RDAP, gained early release, but failed to remain drug and crime free. To provide this incentive to the same inmate twice would be counter to our drug treatment philosophy that inmates must be held accountable for their actions when released to the community." 69 Fed. Reg. 39887-02.

4

No. 12-1, at p. 10). After completing the BOP's RDAP program, Petitioner received an early release pursuant to Section 3621(e)(2)(B) on May 24, 1996. (Id. at p. 11).

On July 10, 2001, Petitioner was sentenced in the United States District Court for the District of Maryland to a 140 month term of imprisonment, followed by a five year term of supervised release, for Conspiracy to Distribute and Possession with Intent to Distribute Cocaine and Cocaine Base; Forfeiture Allegation, in violation of 21 U.S.C. § 846. (Id. at p. 9). Assuming that he receives all good conduct time available under 18 U.S.C. § 3624(b), Petitioner's projected release date is June 11, 2011. (Id.).

On February 27, 2009, Petitioner was designated to FCI-McKean. (ECF No. 12-1, at p. 6). On March 5, 2009, the Drug Abuse Program Coordinator at FCI-McKean noted during a Psychology Intake Screening that Petitioner had a history of cocaine, marijuana and alcohol addiction/abuse, and recommended him for RDAP. (See ECF No. 12-2, at p. 22). On August 17, 2009, Petitioner was interviewed by a Drug Treatment Specialist at FCI-McKean to determine his eligibility for RDAP participation. At the end of the interview, it was determined that Petitioner was not eligible to receive an early release upon completion of RDAP, because he had received a reduction in sentence under 18 U.S.C. § 3621(e)(2)(B) from a previous federal sentence. (See ECF No. 12-2, at p. 30). Nonetheless, Petitioner agreed to participate in FCI-McKean's RDAP and ultimately commenced the program on August 26, 2009. (See ECF No. 12-1, at p. 13).

### C.     Exhaustion

A federal prisoner seeking habeas relief under 28 U.S.C. § 2241 first must exhaust administrative remedies before bringing his claim to federal court. United States v. Wilson, 503 U.S. 329, 334-335 (1992); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); United States v. Keller, 58 F.3d 884 (2d Cir. 1995); United States v. Brann, 990 F.2d 98, 104 (3d Cir. 1993). BOP is the agency charged with administering the federal prison system. Reno v. Koray, 515 U.S. 50, 60 (1995); Wilson, 503 U.S. at 334-335. For federal prisoners challenging BOP determinations, the initial venue is the administrative process. BOP codified

its Administrative Remedy Program ("ARP") in 28 C.F.R. Part 542, which provides detailed procedures and guidelines for federal prisoners to seek administrative review of any aspect of their confinement. In particular, 28 C.F.R. § 542.14 requires a prisoner to file an Administrative Remedy (Form BP-9) with the Warden of the institution where he is incarcerated. If the prisoner is not satisfied with the Warden's response, he must appeal the Warden's decision within 20 days to the Regional Director. 28 C.F.R. § 542.15. If the prisoner is not satisfied with the decision of the Regional Director, he must file an appeal with the General Counsel within 30 days of the date the Regional Director signed its response. 28 C.F.R. §542.15.

Respondents assert that Petitioner has failed to exhaust his administrative remedies on any issue raised in the Petition. (See Response, ECF No. 12, at p. 11). In fact, Petitioner has admitted as much, declaring that he did not attempt to exhaust his administrative remedies because his challenge "would inevitably be denied," and would, thus, be futile. (See Petition, ECF No. 5, at p. 3).

While ordinarily requiring federal prisoners to exhaust administrative remedies before seeking habeas relief under Section 2241, the Third Circuit Court has held that the administrative exhaustion requirement "may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." Cerverizzo v. Yost, 2010 WL 1936265 at * 1 (3d Cir. May 14, 2010)(citations omitted). In particular, the Third Circuit has held that exhaustion would be futile in cases where "the Petitioner is not challenging the application of the BOP regulations, but their validity." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 239 n. 2 (3d Cir. 2005). In such circumstances, the Court concluded that "the purposes of exhaustion would not be served." Id. Such is the case here. Petitioner is not challenging the BOP's application of its policy or regulation excluding him from the early release incentive; rather he is challenging the validity of the same. Accordingly, the Court is willing to excuse Petitioner's failure to exhaust administrative remedies in this case.

### D.     Merits

The central argument raised by Petitioner in this case is that he was denied eligibility for

6

Section 3621(e)(2)(B)'s early release incentive based upon the BOP's application of Program Statement 533.01, which this Court found to be invalid because it violated the APA's notice-and-comment requirements. See Burkey, 2007 WL 4480188 at *11. However, Petitioner's reliance on Burkey is misplaced. First, this Court's Report and Recommendation in Burkey was never adopted as a final order by the District Court; instead, the case was ultimately dismissed as moot because the petitioner (Burkey) was released from prison before the District Court issued its final order. See id. at * 3. As a result, no precedential opinion or order was issued on the substantive issue raised by Petitioner in this case.

Moreover, the APA violation found by this Court in Burkey has since been resolved by the promulgation of 28 C.F.R. § 550.55(b)(7) (2009), after notice and comment. In short, the regulatory history of Section 550.55(b)(7) indicates that the proposed rule limiting inmates to one early release under 18 U.S.C. § 3621(e)(2)(B) was published for comment on July 1, 2004, and was finalized on January 14, 2009. See 69 Fed. Reg. 39887-02 (July 1, 2004); 74 Fed. Reg. 1892-01 (Jan. 14, 2009). Petitioner was determined to be ineligible for early release on August 19, 2009, after finalization of the rule excluding him from early release eligibility. Accordingly, Petitioner's challenge is without merit and his Petition will be denied. See Levy v. Duncan, 2009 WL 3270866 (D.Az. Oct. 9, 2009)(upholding BOP decision that inmate could not receive a second sentence reduction under Section 3621(e)(2)(B).

An appropriate order follows.

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: September 28, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC MURRAY,<br>    Petitioner<br><br>v.<br><br>GAGNON, et al.,<br>    Respondents. | C.A. 09-286 Erie<br><br>Magistrate Judge Baxter |

## **ORDER**

AND NOW, this ___ day of September, 2010,

IT IS HEREBY ORDERED that the instant Petition for Writ of Habeas Corpus is denied. The Clerk is directed to mark this case closed.

                                                    SUSAN PARADISE BAXTER
                                                    United States Magistrate Judge